**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 25-12305

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

YAPHET MARTIN,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:23-cr-00332-WFJ-LSG-1

————————————

Before JORDAN, KIDD, and BLACK, Circuit Judges.

PER CURIAM:

Yaphet Martin appeals his 151-month imprisonment sentence, asserting the district court erred by applying the career-offender enhancement pursuant to U.S.S.G. § 4B1.1. He contends

the Sentencing Commission exceeded its statutory authority under 28 U.S.C. § 994(a) by including state offenses within its definition of "controlled substance offense," and thus his previous state drug conviction does not qualify as a predicate offense for purposes of the enhancement. After review,[1] we affirm.

Congress has assigned the Sentencing Commission to promulgate and distribute to the courts sentencing guidelines and general policy statements. 28 U.S.C. § 994(a). Congress has tasked the Sentencing Commission with ensuring "the guidelines specify a sentence to a term of imprisonment at or near the maximum term authorized for categories of defendants in which the defendant is eighteen years old or older and" has two prior felony convictions of either "a crime of violence" or "an offense described in section 401 of the Controlled Substances Act (21 U.S.C. 841), sections 1002(a), 1005, and 1009 of the Controlled Substances Import and Export Act (21 U.S.C. 952(a), 955, and 959), and chapter 705 of title 46." 28 U.S.C. § 994(h).

The Sentencing Guidelines provide that a defendant qualifies as a career offender if: (1) he was at least 18 years old when committing the instant offense; (2) the instant felony offense is either a "crime of violence" or a "controlled substance offense"; and (3) he has at least 2 prior felony convictions for a crime of violence

---

[1] We review de novo whether a prior conviction qualifies as a "controlled substance offense" under the Sentencing Guidelines. *United States v. Rowe*, 143 F.4th 1318, 1324 (11th Cir. 2025).

or controlled substance offense.  U.S.S.G. § 4B1.1(a).  A "controlled substance offense" is

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that . . . prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense.

*Id.* § 4B1.2(b).

Martin contends that although § 4B1.2(b) includes state drug felonies, the definition conflicts with Congress's specific directive in § 994(h).  He cites *United States v. LaBonte*, 520 U.S. 751 (1997), for the proposition that the Sentencing Commission must follow the plain text of § 994(h) and cannot expand it by invoking the Commission's general authority under § 994(a).  In *LaBonte*, the Supreme Court addressed the Sentencing Commission's preclusion of consideration of any statutory sentence enhancements in the meaning of "maximum term authorized" from § 944(h).  *LaBonte*, 520 U.S. at 754-55.  The Court held that "maximum term of imprisonment authorized" meant the maximum prison term available for the offense of conviction including any statutory sentencing enhancements because the plain language of § 994(h) controlled over any inconsistent interpretation by the Sentencing Commission.  *Id.* at 756-57, 762.

Our decisions in *United States v. Weir*, 51 F.3d 1031, 1032 (11th Cir. 1995), *overruled on other grounds by United States v. Dupree*,

57 F.4th 1269 (11th Cir. 2023) (en banc), and *United States v. Pridgeon*, 853 F.3d 1192, 1199 (11th Cir. 2017), control this case. *See United States v. White*, 837 F.3d 1225, 1228 (11th Cir. 2016) (explaining we are bound to adhere to our prior panel precedent unless that precedent has been overruled by this Court sitting en banc or by the Supreme Court). In *Weir*, we addressed whether the Sentencing "Commission overstepped its mandate when it classified drug conspiracies as controlled substance offenses" because § 994(h) "does not specifically refer to the conspiracy statute when delineating which statutes' violation provide for the imposition of career offender status." *Weir*, 51 F.3d at 1032. We held the Commission had not overstepped its authority, because (1) "§ 994(a) . . . provides independent grounds for the career offender provision, and the language of this section grants sufficient authority to the Commission to include drug conspiracies in its definition of controlled substance offenses"; (2) "the legislative history indicates that the specific offenses listed in [§] 994(h) are not necessarily exhaustive"; and (3) "common sense dictates that conspiring to distribute drugs constitutes a controlled substance offense." *Id.*[2]

---

[2] In 2023, *Weir* was overruled in part by *United States v. Dupree*, 57 F.4th 1269 (11th Cir. 2023) (en banc). In *Dupree*, we held "the definition of 'controlled substance offense' in § 4B1.2(b) does not include inchoate offenses." 57 F.4th at 1271. In so holding, we noted "the plain text of § 4B1.2(b) unambiguously excludes inchoate crimes." *Id.* at 1280. We did not address the scope of the Sentencing Commission's authority to define "controlled substance offense" under § 994(h). *See generally id.*

In *Pridgeon*, decided after the Supreme Court's *LaBonte* decision, the appellant contended the Sentencing Commission had "exceeded its statutory authority in promulgating § 4B1.2. . . . by treating crimes without an element of *mens rea* as to the illicit nature of the controlled substance." *United States v. Pridgeon*, 853 F.3d at 1199. Pridgeon asserted the Commission had "acted outside the express directives of 28 U.S.C. § 994(h)." *Id.* We held the Commission had not exceeded its statutory authority, noting the text "of § 994(h) must be read in conjunction with the general mandate of § 994(a) under which the Commission enjoys significant discretion in formulating guidelines." *Id.* at 1200 (quotation marks omitted). We also stated Pridgeon's arguments failed to consider its "conclusion in *Weir* that the list of offenses in § 994(h) was not meant to be exhaustive." *Id.* Instead, "§ 994(a) vests the Commission with authority to define 'controlled substance offense' to include crimes beyond those listed in § 994(h)." *Id.* We concluded Pridgeon's Florida drug convictions qualified as predicate offenses for purposes of the career-offender enhancement. *Id.* at 1198.

The district court did not err in finding Martin qualified as a career offender under U.S.S.G. § 4B1.1. *LaBonte* addressed only inconsistencies in language between § 994(h) and interpretations by the Sentencing Commission and did not consider the scope of previous convictions that would qualify a person for career offender status, nor did it address the Guidelines' definition of "controlled substance offense." *See LaBonte*, 520 U.S. at 756-57, 762. Moreover, in *Weir* and *Pridgeon,* we noted "the list of offenses in § 994(h) was

not meant to be exhaustive" and that "§ 994(a) vests the Commission with authority to define 'controlled substance offense' to include crimes beyond those listed in § 994(h)." *Pridgeon*, 853 F.3d at 1200; *Weir*, 51 F.3d at 1032. This holding has not been overruled. *See White*, 837 F.3d at 1228; *United States v. Kaley*, 579 F.3d 1246, 1255 (11th Cir. 2009) ("To constitute an overruling for the purposes of this prior panel precedent rule, the Supreme Court decision must be clearly on point." (quotation marks omitted)).

The district court did not err because (1) the Sentencing Guidelines include state offenses within the definition of "controlled substance offense"; (2) this Court's precedent supports that the Commission did not exceed its authority by including state drug offenses within the definition of "controlled substance offense"; and (3) the relevant holdings in *Weir* and *Pridgeon* have not been overruled by this Court sitting en banc or by an on-point decision of the Supreme Court. Accordingly, we affirm Martin's sentence.[3]

**AFFIRMED.**

---

[3] In his brief, Martin argues only that state drug offenses in general do not qualify as controlled substance offenses for purposes of the career-offender enhancement, and he presents no arguments regarding the applicability of the enhancement to his specific Missouri drug conviction. Thus, he has abandoned any challenge regarding his specific conviction. *See United States v. Cunningham*, 161 F.3d 1343, 1344 (11th Cir. 1998) (stating when a defendant fails to offer argument on an issue, it is abandoned).